**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **DEBI PISCITIELLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DELANOR, KEMPER &** | ) | |
| **ASSOCIATES, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DEBI PISCITIELLO, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, DELANOR, KEMPER & ASSOCIATES, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      DEBI PISCITIELLO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Winona, County of Winona, State of Minnesota.

5.      The debt that Plaintiff allegedly owed was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

1

6.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     DELANOR, KEMPER & ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Minnesota.  Defendant is registered as a limited liability company in the State of Georgia.

8.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

13.    On or about April 11, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff an automated voicemail message.

14.    Defendant stated that it was calling regarding a civil matter relating to Plaintiff.

15.    Defendant then left a telephone number  for Plaintiff to contact Defendant.

2

16.     Defendant's representation that it was calling regarding a civil matter had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

17.     Defendant's representation that a lawsuit was filed against Plaintiff was false, deceptive and/or misleading given that at the time it made the aforesaid representation no lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

18.     Defendant's representation that a lawsuit was filed against Plaintiff misrepresented the character, nature and legal status of the debt on which it was attempting to collect given that at the time it made the aforesaid representation no lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

19.     Plaintiff then called the telephone number that was left on the aforesaid voicemail message and engaged in a telephone call with Defendant.

20.     Defendant informed Plaintiff that it was a law firm which was representing the original creditor with whom Plaintiff allegedly obtained a payday loan.

21.     Defendant is not a law firm.

22.     At no time during the course of the aforementioned voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

23.     Defendant told Plaintiff that the pay day loan she had taken out was in default and that she had engaged in check fraud.

24.     Defendant's representation that Plaintiff had engaged in check fraud had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which it was attempting to collect.

25.     Plaintiff had not engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

26.     Defendant's representation that Plaintiff had engaged in check fraud was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

27.     Defendant's representation that Plaintiff had engaged in check fraud misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect given that Plaintiff had not engaged in the aforesaid conduct.

28.     Defendant's representation that Plaintiff had engaged in check fraud was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

29.     During the course of the aforesaid telephone call, Defendant then told Plaintiff that she had to immediately pay the debt that she owed.

30.     Plaintiff told Defendant that she would not pay the debt that she owed until she received documentation relative to the debt on which Defendant was attempting to collect.

31.     Defendant informed Plaintiff that it would not send her any documentation.

32.     Defendant's representations, as delineated above, in conjunction with the fact that Defendant failed to apprise Plaintiff that it was a debt collector had the effect of conveying to an unsophisticated consumer that the duly authorized representative with whom Plaintiff spoke was an attorney.

33.     Upon information and belief, the duly authorized representative of Defendant with whom Plaintiff spoke was not an attorney.

34. On or about that same day, subsequent to the aforementioned telephone call, Defendant initiated another telephone call to Plaintiff and left Plaintiff an automated voicemail message.

35. At no time during the course of the aforementioned voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

36. On or about April 21, 2011, Defendant sent a correspondence to Plaintiff.

37. In the aforesaid correspondence Defendant stated terms of a settlement agreement that it had allegedly entered into with Plaintiff.

38. Defendant stated "if you fail to meet this obligation, Delanore, Kemper & Associates will be forced to take further legal action."

39. Defendant further stated "once the final payment had been received, Delanore, Kemper & Associates agrees that it will not pursue any further legal action."

40. On or about April 22, 2011, Defendant sent another correspondence to Plaintiff.

41. In the aforesaid correspondence Defendant again stated terms of a settlement agreement that it had allegedly entered into with Plaintiff.

42. Defendant again stated "if you fail to meet this obligation, Delanore, Kemper & Associates will be forced to take further legal action."

43. Defendant again stated "once the final payment had been received, Delanore, Kemper & Associates agrees that it will not pursue any further legal action."

44. Defendant's representations that it would not pursue any further legal action against Plaintiff had the effect of conveying to an unsophisticated consumer that Defendant had filed a lawsuit against Plaintiff relative to the debt she allegedly owed.

45.     Defendant's representations that it had filed a claim against Plaintiff misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that at the time Defendant made the aforementioned representations Defendant had not filed a claim against Plaintiff.

46.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

47.     On or about April 27, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

48.     During the aforesaid voicemail message, Defendant stated that it was calling in relation to a claim against Plaintiff's name and social security number.

49.     Defendant then provided Plaintiff with a putative claim number.

50.     Defendant's representation that it was calling regarding a claim against Plaintiff's name and social security number further had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

51.     Defendant's representation that a claim was filed against Plaintiff was false, deceptive and/or misleading given that at the time it made the aforesaid representation no claim had been filed against Plaintiff with respect to the debt she allegedly owed.

52.     Defendant's representation that a claim was filed against Plaintiff misrepresented the character, nature and legal status of the debt on which it was attempting to collect given that

6

at the time it made the aforesaid representation no claim had been filed against Plaintiff with respect to the debt she allegedly owed.

53.     Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

54.     Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

55.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

56.     Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

57.     On or about May 27, 2011 and again on or June 11, 2011, Plaintiff's counsel sent correspondence to Defendant.

58.     Upon information and belief, Defendant received the aforesaid letters.

59.     In the aforesaid letters, Plaintiff's counsel apprised Defendant that it represented Plaintiff with respect to the debt on which Defendant was attempting to collect.

60.     In the aforesaid letters, Plaintiff's counsel provided Defendant with Plaintiff's counsel's contact information and Plaintiff's counsel's name.

61.     Subsequent to Defendant having received the aforesaid correspondence, Defendant was cognizant that Plaintiff was represented by an attorney.

62.     Despite having advised Defendant, on multiple occasions, that Plaintiff was represented by an attorney, on or about June 17, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed.

63.     Despite having advised Defendant, on multiple occasions, that Plaintiff was represented by an attorney, on or about June 30, 2011, Defendant initiated a telephone call to

Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed and left plaintiff a voicemail message.

64.     Again, at no time during the course of the aforementioned voicemail message did Defendant's duly authorized representative provide Plaintiff with information relative to her individual identify.

65.     During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated that it was calling from Defendant's "settlement and claims department" and that Plaintiff had to return its telephone call within twenty-four (24) hours.

66.     Again, at no time during the course of the aforementioned voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

67.     Defendant's duly authorized representative's representation that she was calling from Defendant's settlement and claims department, in conjunction with the fact that Defendant failed to advise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Defendant's duly authorized representative was an attorney.

68.     Upon information and belief, Defendant's duly authorized representative is not an attorney.

69.      In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

    b.  Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff

and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

c.  Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

d.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

e.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

f.  Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

g.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h.  Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

i.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

j.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

k.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

l.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

70.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

71.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBI PISCITIELLO, by and through her attorneys, respectfully prays for judgment as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEBI PISCITIELLO**

By:    s/ Greig Dahlke      
        Attorney for Plaintiff

Dated: August 1, 2011

Greig Dahlke (Minnesota Bar No.: 0391034)
LARRY P. SMITH & ASSOCIATES, LTD.
1068 Selby Ave.
St. Paul MN 55104
Direct Dial:  (763) 412-5437
Facsimile:    (888) 418-1277
E-Mail:        gdahlke@smithlaw.us