**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Debi Piscitiello, | |
| Plaintiff, | Civil No. 11-2204 (RHK/AJB) |
| v. | |
| Delanor, Kemper & Associates, LLC, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion for an Order to Show Cause (Docket No. 20), the Court's Order to Show Cause (Docket No. 23), and the Court's Order of May 14, 2013 (Docket No. 25). A hearing was held on April 30, 2013 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Greig Dahlke appeared on behalf of Plaintiff. Defendant made no appearance.

## I.    FINDINGS OF FACT

In connection with the Order to Show Cause and in support of this Court's recommendation that Defendant be held in contempt, the Court enters the following Findings of Fact.

1.    Plaintiff brought this suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., alleging that Defendant violated the FDCPA in its efforts to collect from her a consumer debt. (*See* Docket No. 1.) Plaintiff filed her complaint on August 3, 2011. (*Id.*) The summons and complaint were served on Defendant in Atlanta, Georgia. (*See* Docket No. 2.)

2.    Defendant failed to answer the complaint. Plaintiff filed an Application for Entry of Default on September 11, 2011 and the court entered default against Defendant. (Docket Nos. 3, 5.)

3. Thereafter, Plaintiff filed a Motion for Default Judgment in her favor on October 27, 2011, requesting that the court enter judgment against Defendant in the amount of $1,000 in statutory damages, $3,500 in actual damages, and attorneys' fees and costs in the amount of $4,441. (*See* Docket No. 6.) The court granted Plaintiff's motion and on December 8, 2011, the court entered judgment in favor of Plaintiff and against Defendant in the amount of $8,941. (Docket No. 15.)

4. Defendant has not satisfied the judgment in part or full. (*See* Docket No. 17.)

5. On December 21, 2012, Plaintiff served Defendant with post-judgment discovery requests, pursuant to Federal Rule of Civil Procedure 69, seeking information about Defendant's income and assets to facilitate enforcement of the judgment. (*See* Docket No. 17.) Defendant failed to respond to Plaintiff's discovery requests. (*See id.*)

6. On February 26, 2013, Plaintiff filed a motion to compel responses to post-judgment discovery. (*See* Docket No. 17.) Plaintiff served the motion by mail on Defendant at multiple addresses. (*See id.*) Defendant made no response to Plaintiff's motion to compel. (*See* Docket No. 20.)

7. The court granted Plaintiff's motion to compel and on March 5, 2013 ordered Defendant to respond to post-judgment discovery or pay the judgment in full within seven days. (*See* Docket No. 18.) The court's March 5, 2013 order was served by mail on Defendant at multiple addresses. (*See* Docket Nos. 20-21, Exs. A-B.)

8. Defendant failed to comply with the court's March 5, 2013 order. (*See* Docket No. 20.)

9. On March 20, 2013, Plaintiff filed a motion for order to show cause requesting the court enter an order directing Defendant to show cause why it should not be held in contempt for violating the court's March 5, 2013 order. (*See* Docket No. 20.) Plaintiff's motion requested

that Defendant's president, Wilton Caver, be directed to appear at a show cause hearing and also requested various contempt sanctions, including imposition of a daily fine upon Defendant and a warrant issued for the arrest of Mr. Caver, in the event Defendant and Mr. Caver failed to comply. (*See id.*) Plaintiff served the motion for an order to show cause by mail on Defendant at multiple addresses. (*See* Docket No. 22.)

10. The court ordered that Defendant and Mr. Caver appear at a show-cause hearing to be held on April 30, 2013. (Docket No. 23.) The court held the show-cause hearing as scheduled on April 30, 2013. Defendant made no written response to Plaintiff's motion for order to show cause, and Defendant and Mr. Caver made no appearance at the hearing.

11. Out of an abundance of caution, the Court issued an order on May 14, 2013 giving Defendant one final chance to comply with the Court's March 5, 2013 discovery order. (Docket No. 25.) The Court noted that the record did not indicate whether the court's order to show cause was served on Defendant. (*Id.*) Accordingly, the Court's May 14, 2013 order required Plaintiff to personally serve copies of the May 14, 2013 order and March 5, 2013 discovery order on Defendant. (*Id.*) The May 14, 2013 order gave Defendant one final opportunity to comply with the Court's March 5, 2013 discovery order, requiring Defendant within seven days of the date of service to either comply with the court's March 5, 2013 order by responding to Plaintiff's post-judgment discovery requests or tendering to Plaintiff $8,941.00, or file a written response to Plaintiff's motion to show cause explaining why Defendant should not be held in contempt for failure to comply with the March 5, 2013 order. (*Id.*) The May 14, 2013 order warned that if Defendant and its officers and agents failed to comply, the Court may recommend that Defendant be held in civil contempt. (*Id.*)

12. Plaintiff personally served copies of the Court's May 14, 2013 order and March 15, 2013

discovery order on Defendant on May 29, 2013. (Docket No. 26.) The orders were served on Defendant by delivering them to Wilton Kemper Caver in Riverdale, Georgia. (*Id.*)

13. This Court's Order of March 5, 2013 (Docket No 18), requiring Defendant to respond to Plaintiff's post-judgment or pay the judgment in full within seven days, is a reasonably specific court order. Defendant had actual knowledge of the Court's Order of March 5, 2013. Defendant has neither complied with that Order, nor demonstrated that it was unable to comply with the Order.

14. The Court's Order of May 14, 2013 (Docket No. 25), requiring Defendant within seven days of the date of service to either comply with the court's March 5, 2013 order by responding to Plaintiff's post-judgment discovery requests or tendering to Plaintiff $8,941.00, or file a written response to Plaintiff's motion to show cause explaining why Defendant should not be held in contempt for failure to comply with the March 5, 2013 order, is a reasonably specific court order. Defendant had actual knowledge of the Court's Order of May 14, 2013. Defendant has neither complied with that Order, nor demonstrated that it was unable to comply with the Order.

## II.    DISCUSSION

Defendant has failed to pay its judgment debt and has refused to comply with discovery requested by Plaintiff and ordered by this Court. For the purposes of this Report and Recommendation, the Court will limit its discussion to an appropriate response to Defendant's failure to cooperate with court-ordered discovery.

"[I]t is firmly established that the power to punish for contempt[] is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have

within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection"); *Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting") (citing 28 U.S.C. § 636(e)).

"The court may hold a party violating a discovery order in contempt of court." *Edeh v. Carruthers*, Civ. No. 10-2860, 2011 U.S. Dist. LEXIS 118210, at *6 (D. Minn. Sep. 20, 2011). Civil contempt charges, either by way of incarceration or fine, may be employed to coerce compliance with a court order. *Chicago Truck Drivers*, 207 F.3d at 504. "Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted). When imposing a coercive sanction, "the court has broad discretion to design a remedy that will bring about compliance." *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007) (quotation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Id.* (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n. 56 (1947)).

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers*, 207 F.3d at 505 (citation omitted). "At that point, the burden. . .shift[s] to the [defendant] to show an inability to comply." *Id.* (citation omitted). "A mere assertion of 'present inability' is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply,

explaining why 'categorically and in detail;' (2) that their inability to comply was not 'self-induced;' and (3) that they made 'in good faith all reasonable efforts to comply.'" *Edeh*, 2011 U.S. Dist. LEXIS 118219 at *6-7 (quoting *Chicago Truck Drivers*, 207 F.3d at 506).

Plaintiff has made the requisite showing that Defendant violated a court order. Defendant has made no appearance in connection with the Court's discovery order or the order to show cause and has had no communication with the Court or Plaintiff. Therefore, there is no evidence presented to establish any of the grounds for a present inability to comply. Defendant should be found in civil contempt.

When imposing a civil contempt sanction, the Court must assess the following four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Edeh*, 2011 U.S. Dist. LEXIS 118219 at *9 (citing *United Mine Workers*, 330 U.S. at 303-04).

The first factor concerns the harm to the moving party caused by the contemnor's continued defiance. In the present case, the harm is monetary. As noted in *Edeh* and in *Reed v. A&A Stanley Construction, Inc.*, No. 12-869, 2013 WL 1065371, (D. Minn. Feb. 13, 2013):

> Despite the judgment being entered, plaintiff has not received any payment toward that judgment. Simply put, [Defendant's] refusal to respond to plaintiff's discovery regarding his financial situation is an obstacle to plaintiff's collection of the judgment. [Defendant] has never responded in any way to plaintiff's discovery, motions or this Court's orders. Holding [Defendant] in contempt is the only way to ensure that plaintiff obtains the post-judgment discovery to which he is entitled.

*Edeh*, 2011 U.S. Dist. LEXIS 118219, at *9 (quoted in *Reed*, 2013 WL 1065371, at *4).

In this case, as in *Edeh* and *Reed*, the Defendant's continued refusal to comply with this Court's orders necessitates a contempt finding.

6

In examining the probable effectiveness of the sanction, the Court concludes that a daily fine of $100 imposed upon Defendant payable to the Court is the appropriate sanction. The Court has broad discretion to impose a sanction that will coerce a party's compliance with court orders. *Reed*, 2013 WL 1065371, at *5 (internal citation omitted). The Court believes that such a fine will encourage Defendant to take the necessary steps to gather and produce the required information to comply with the Court's March 5, 2013 order. Although Plaintiff requested that a warrant be issued for the arrest of Defendant's president, Mr. Caver, Mr. Caver apparently resides in Georgia and the Court lacks personal jurisdiction over him to issue a warrant for his arrest. *See Comverse v. American Telecommunications, Inc. Chile S.A.*, No. 08 Civ. 11121, 2009 WL 464446, at *2 (S.D.N.Y. Feb. 24, 2009). The Court also is hesitant to recommend imprisonment of Mr. Caver without first recommending a less severe monetary sanction.

The third factor concerns the contemnor's financial resources and the burden that the proposed sanction would impose. Defendant's financial situation is unclear. That is precisely the issue: Plaintiff's discovery requests are aimed at obtaining information about Defendant's financial resources so that Plaintiff may execute the judgment she won against Defendant. *See Reed*, 2013 WL 1065371, at *5. Ordering Defendant to respond to the outstanding discovery in this case was not a directive with substantial financial consequences. *See Edeh*, 2011 U.S. Dist. LEXIS 118219, at *10. While the daily fine recommended may impose a financial hardship on Defendant, it is a sanction that can be quickly and inexpensively purged if Defendant is so inclined.

The final factor concerns the willfulness of the contemnor in disregarding the Court's orders. Here, the record demonstrates that Defendant and its owner Mr. Caver

have been personally served with the relevant orders.  Defendant has not filed a single

written submission to the Court, made a single appearance, or made any response to

Plaintiff.  Defendant "continues to flout the Court's orders by refusing to comply." *Edeh*,

2011 U.S. Dist. LEXIS 118219, at *11.

Based upon the foregoing analysis, the Court concludes that a daily fine against

Defendant for each day it fails to comply with the Court's orders is the appropriate contempt

sanction.

## III.    RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1.  Defendant Delanor, Kemper & Associates, LLC be found in contempt of court; and

2.  Defendant be directed to pay to the Clerk of Court $100 per day for each day

    Defendant continues to disobey the March 5, 2013 order, until such time Defendant

    purges the contempt by complying with the March 5, 2013 order compelling

    discovery responses.


Dated: June 17, 2013                              s/ Arthur J. Boylan
                                                  Chief Magistrate Judge Arthur J. Boylan
                                                  United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by
filing with the Clerk of Court, and by serving upon all parties, written objections which
specifically identify the portions of the Report to which objections are made and the bases for
each objection.  This Report and Recommendation does not constitute an order or judgment from
the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.
Written objections must be filed with the Court on or before    July 1      , 2013.